### In re BUILDERS CAPITAL AND SERVICES, INC., Debtor.

#### No. 01–13929 B.

United States Bankruptcy Court, W.D. New York.

April 2, 2003.

Harter, Secrest & Emery LLP, Raymond Fink, of counsel, Buffalo, NY, for Thomas Gaffney, Trustee.

Office of the United States Trustee, Mary Powers, of counsel, Buffalo, NY.

CARL L. BUCKI, Bankruptcy Judge.

The chapter 7 trustee has made application for the appointment of accountants for the estate. With this application, one of the directors of the proposed accountants has submitted an affidavit which acknowledges that the firm has previously provided services to the trustee individually, to various of the creditors in this case, and to the New York State Attorney General with respect to its investigation of the debtor's activities. As required by Bankruptcy Rule 2014, the trustee's counsel transmitted this application to the Office of the United States Trustee, which by letter to the court, has presented a limited objection to the appointment. Due to the possibility of conflicting interests, the United States Trustee recommends that all creditors receive notice and an opportunity to oppose the proposed appointment. In his written response, the trustee's counsel asks that the court approve the application "without having to broadly notice it to all creditors and parties-in-interest, given the time delays and costs involved in doing so."

■ Section 327(a) of the Bankruptcy Code provides that "with the court's approval," a trustee may employ accountants "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." In the view of this court, no consequence attaches to the accountants' prior representation of the case trustee individually. Prior service to the state attorney general will allow for continuity of function. Without more, that relationship does not establish a necessary conflict of interest. The greater concern arises from the accountants' representation of other creditors.

■ In a case under chapter 7 of the Bankruptcy Code, "a person is not disqualified for employment under [section 327] solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest." 11 U.S.C. § 327(c). Clearly, the Bankruptcy Code contemplates an opportunity for creditors to object to the appointment of an accountant who has represented other creditors. That opportunity will never occur, however, unless creditors receive notice of the proposed appointment. Although the United States Trustee might not be able to identify any actual conflicts of interest, it correctly recognizes that individual creditors are more likely to know of a basis to deny appointment. Thus, it correctly urges notice to all creditors prior to approval of the case trustee's employment of the proposed accountants.

■ In special circumstances, this court may limit notice of a proposed appointment of accountants, despite prior representation of creditors. Notice to an

extremely large number of small creditors may entail an undue expense. When the cost of mailing is onerous and the risk of conflict is minimal, the court might consider a request to restrict notice only to the previously represented creditors and to either the largest creditors or an official committee of unsecured creditors. In the present instance, however, the case trustee makes no compelling demonstration of burden. The debtor's mailing matrix includes fewer than 200 creditors. Because the proposed accountants have previously represented at least eight of these creditors, the possibility of conflict is sufficient to require notice and an opportunity to object to the appointment. Accordingly, the court will hold the application for appointment of accountants in abeyance, until such time as that application is noticed for hearing.

So ordered.